UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL KISS,

                    Plaintiff,

   -v-

RAFAEL A. TORRES, *et al.*,

                    Defendants.

21-CV-10391 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Plaintiff Daniel Kiss ("Plaintiff") brings this pro se Action against the Town of Hyde Park ("Hyde Park"); Hyde Park Police Officers Rafael A. Torres, Daniel I. Ferrara, Michael A. Stallone, and Joshua D. Tucker; and New York State Trooper James Schulhoff. (*See* Not. of Removal Ex. A ("Summons with Notice") (Dkt. No. 3).) On May 23, 2022, Plaintiff filed an Application for the Court to Request Pro Bono Counsel (the "Application"). (Dkt. No. 7.)

    Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).

    First, the Court "should . . . determine whether the indigent's position seems likely to be of substance." *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the

plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010). Second, "[i]f the claim meets this threshold requirement," the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Plaintiff has not yet filed a Complaint. (*See* Dkt.) He has only filed a Notice of Summons in the Supreme Court for the County of Dutchess, New York. (*See* Dkt. No. 3.) The Court is therefore unaware of the allegations or claims that are at issue in this case. At this early

stage of the Action, the Court cannot ascertain, let alone evaluate, the viability and merits of Plaintiff's claims. This militates against an appointment of counsel. *See Paulini v. City of New York*, No. 15-CV-7059, 2016 WL 5946189, at *1 (S.D.N.Y. Oct. 7, 2016) ("Since the merit of [the] plaintiffs' claims against [the pro se indigent defendant] and the viability of his defense to those claims are still open questions at this stage of the case, it would be unwise for the Court to tap from the limited well of attorneys willing to plow for free in civil cases, to defend [the pro se indigent defendant] against still uncertain claims."); *Grigoryou v. Pallet Serv. Inc.*, No. 13-CV-526, 2014 WL 1767796, at *3 (W.D.N.Y. May 2, 2014) (denying appointment of counsel because, among other reasons, "[s]ince the case is still at an early stage, the merit (or lack thereof) of plaintiff's claims is difficult to assess.").

Additionally, thus far, Plaintiff has not provided the Court with enough information to demonstrate his lack of financial resources. Plaintiff's Application states, in part, "I [am] working only part time and I can't afford an attorney." (Dkt. No. 7.) "In other cases where indigent parties have applied for appointment of pro bono counsel, said parties typically provide details as to their financial situations such that the Court can consider this information in its analysis." *S.E.C. v. Amah*, No. 21-CV-6694, 2022 WL 683011, at *3 (S.D.N.Y. Mar. 8, 2022); *see also*, *Paulini v. City of New York*, No. 15-CV-7059, 2016 WL 5946189, at *2 (S.D.N.Y. Oct. 7, 2016) (noting that the "[purportedly indigent pro se defendant] states that he makes between $1,000 and $2,300 a month driving a cab, has an old car and no appreciable assets, and that his monthly liabilities including rent are about $1,000" in its decision as to whether to appoint counsel); *cf. United States v. Diversified T.E.S.T. Techs., Inc.*, No. 09-CV-718, 2010 WL 3761866, at *3 (N.D.N.Y. Sept. 20, 2010) (observing that, following a denial of a motion for appointment of counsel for pro se defendants without prejudice, a magistrate judge "specifically

instructed [the defendants] that they would have to support any future application for appointment of counsel with 'affidavits detailing the[ir] income and expenses ... and must disclose any assets, including but not limited to bank accounts, available to defray litigation expenses, including attorneys' fees.' " (alterations in original)).

The Court also considers Plaintiff's "ability and efforts to obtain counsel." *Mena*, 2013 WL 1165554, at *1; *see also See Ramos v. Dep't of Correction*, No. 15-CV-1444, 2017 WL 875833, at *4 (D. Conn. Mar. 3, 2017) ("The Second Circuit has made clear that before an appointment is even considered in a civil action, an indigent litigant must demonstrate that he or she is unable to obtain counsel or legal assistance." (citing *Hodge*, 802 F.2d at 61)). Here, Plaintiff's Application states, "I couldn't find [an] attorney for my case." (Dkt. No. 7.) Plaintiff fails to indicate what steps, if any, he has taken to obtain counsel on his own and the results of those efforts. For example, Plaintiff has not stated whether he has attempted to contact any potential attorneys, nor has he informed the Court of the outcome of that outreach. *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel ... [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies"); *Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that the plaintiff's failure to contact clinics and non-profits meant the "search was not exhaustive").

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient

4

grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above as well as the consideration that "[v]olunteer lawyer time is a precious commodity," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), Plaintiff's request for assignment of counsel is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding any change of circumstances that would support a renewed application. The Clerk is directed to terminate the pending Application, (Dkt. No. 7), and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: June 27, 2022
       White Plains, New York

                                                    KENNETH M. KARAS
                                                    United States District Judge