# ROTHSTEIN LAW PLLC
**325 East 79th Street, Suite 8B**
**New York, New York 10075**
**(212) 577-9797**

MEMO ENDORSED

**Member NY & NJ Bars**  **Email: Eric@RothsteinLawNY.com**

August 5, 2024

The Honorable Kenneth M. Karas
United States District Court Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

        Re:    Kiss v. Torres, et al.
                  21 CV 10391 (KMK)

Dear Judge Karas:

      I represent defendant, Janet Kenny, in the related action, *Daniel Kiss v. Janet Kenny and Debbie Rubin*, 22 CV 10663 (CS). My pre-Answer motion to dismiss plaintiff's third amended complaint, pursuant to Fed. R. Civ. P. §§ 12(b)(1), 12(b)(6), and 12(h)(3), was fully briefed as of July 29, 2024.[1] As this is a second pre-Answer motion, Mr. Kiss has not been deposed and there has been no documentary discovery.

      Earlier today, I accepted service of a subpoena from defense counsel, Drew Sumner, for Ms. Kenny to appear for a non-party deposition on August 30, 2024. Exhibit A. Ms. Sumner is serving a similar subpoena on Ms. Rubin.

      I move to quash the subpoena or for a protective order staying the deposition until Judge Seibel decides the motion and I can depose plaintiff and obtain discovery from him before producing Ms. Kenny for a deposition. Fed. R. Civ. P. §§ 26(c), 45(d)(3).

      "A district court has broad discretion to manage pre-trial discovery." *Wood v. FBI*, 432 F.3d 78, 84 (2d Cir. 2005). While I recognize there is no priority in depositions in federal court, clearly, I will be in position to serve plaintiff first, along with my Answer, if Judge Seibel denies my motion to dismiss. As plaintiff is *pro se*, he is not on Pacer and the Court mails him decisions and notices. Therefore, I will have served my deposition notice before he even receives a decision.

---

[1]     There was one previous 12(b) motion that resulted in an amended complaint.

**ROTHSTEIN LAW PLLC**

**The Honorable Kenneth M. Karas**
**Kiss v. Torres, et al.**
**21 CV 10391 (KMK)**
**2**

   Furthermore, it is prejudicial to Ms. Kenny to allow plaintiff to question her about the incident without her first obtaining documentary discovery from him. Therefore, the Court should either quash the subpoena or stay it pending Judge Seibel's decision and plaintiff's discovery and deposition if the motion is denied.

                 Respectfully submitted.

                  */s/ Eric E. Rothstein*
                  Eric E. Rothstein

Non-party Janet Kenny's application to quash her deposition subpoena or, in the alternative, for a protective order staying her deposition until another court in this District decides a pending motion to dismiss is denied.

Rule 45 of the Federal Rules of Civil Procedure authorizes a deposition subpoena of a non-party witness, provided that the serving party "take reasonable steps to avoid imposing undue burden or expense" on the subject. Fed. R. Civ. P. 45(d)(1). That Rule also requires a court to quash or modify a subpoena if it subjects the deponent to undue burden. *See id.* 45(d)(3)(A)(iv). "Consistent with [] district court[s'] wide latitude in overseeing matters of pre-trial discovery, [a] [c]ourt may modify or deny discovery requests when the information sought is not relevant or proportional to the needs of the case, the expense or burden outweighs the likely benefit, and/or when the discovery sought is unduly burdensome or expensive." *Lynch v. City of New York*, No. 16-CV-7355, 2021 WL 4652305, at *2 (S.D.N.Y. Oct. 5, 2021) (citing, inter alia, Fed. R. Civ. P. 26(b)(1), (b)(2)(C)). "The determination of undue burden rests in the sound discretion of the trial court." *Id.* (quotation marks omitted). Given that she is making this application, Kenny bears the burden of showing that the subpoena ought to be quashed or modified. *See id.*

Separately, "[a] district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *State Farm Mut. Auto. Ins. Co. v. Mittal*, No. 16-CV-4948, 2018 WL 3127155, at *2 (E.D.N.Y. June 25, 2018) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012)). "The authority to enter a stay is incidental to this power." *Id.* (quotation marks omitted)). "A party seeking a stay bears the burden of establishing the need for the stay." *Id.* Further, it is "well settled that district courts have broad discretion" to grant or deny a discovery-related stay. *Johnson v. United States*, No. 24-CV-872, 2024 WL 3362682, at *1 (S.D.N.Y. July 10, 2024) (citation omitted).

The Court concludes that Kenny has failed to meet her burden here. Specifically, in her very brief letter application (which is notably wanting in terms of citations to legal authority), she fails to articulate a clear basis for why the subpoena should be quashed or why the deposition should be stayed. (*See* Dkt. No. 83.) At most, she suggests that she would like to depose Plaintiff in a separate action before she is deposed in this Action, and then asserts—in an entirely conclusory fashion—that "it is prejudicial to [] Kenny to allow [P]laintiff to question her about the incident without her first obtaining documentary discovery from him." (*Id.* at 1–2.) Kenny simply fails to explain why she should be able to depose Plaintiff first, or, crucially, how she will be prejudiced by not receiving documentary discovery from Plaintiff before her deposition. The Court also notes that Kenny has made no suggestion whatsoever that the deposition subpoena at issue will subject her to any undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv).

In sum, Kenny's application is denied. The Clerk of Court is respectfully directed to terminate the pending motion, (Dkt. No. 83), and to mail a copy of this document to Plaintiff.

SO ORDERED.   */s/ KMK*  8/5/2024